FILED
United States Court of Appeals
Tenth Circuit

April 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEFFREY A. HEIL, an individual;
PAULA M. HEIL, an individual,

Plaintiffs-Appellants,

v.

IRON COUNTY, a political
subdivision of the State of Utah,

Defendant-Appellee,

and

STATE BANK OF SOUTHERN
UTAH,

Defendant.

Nos. 09-4029 & 09-4073
(D.C. No. 2:07-CV-00598-DS)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **PORFILIO**, and **MURPHY,** Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jeffrey A. Heil and Paula M. Heil (the Heils), proceeding pro se, appeal the district court's order dismissing Claim Nine of their amended complaint filed against Iron County, a political subdivision of the State of Utah. We affirm.

*Background*

We provide only a brief description of the facts necessary to our review. The Heils filed two federal lawsuits, one against Iron County, and the other against State Bank of Southern Utah (the Bank). The cases were later consolidated in the district court. The Heils made various claims against both defendants arising out of their ownership of land and water rights in Utah. Eventually, the Heils voluntarily dismissed all claims against the Bank and all but one claim against Iron County. That claim is based on allegations in the Heils' amended complaint that, in 1994, they split off 20 acres from a larger parcel and built a home on it, but Iron County failed to record this transaction and did not register those 20 acres on the land plats or tax rolls as a separate parcel. The single claim preserved for appeal is Claim Nine, in which the Heils alleged that an employee of Iron County intentionally or negligently informed a potential buyer of the Heil's land "that the 20-acre lot split did not exist and that the Heils' property could not be developed." Aplee. App. at 246. The Heils claimed damages against Iron County for their consequent economic loss.

The district court held that Claim Nine was barred by the Governmental Immunity Act of Utah (GIAU), providing that immunity from suit is not waived

"if the injury arises out of, in connection with, or results from: . . . a misrepresentation by an employee whether or not it is negligent or intentional." Utah Code Ann. § 63G-7-301(5)(f) (2008) (formerly Utah Code Ann. § 63-30d-301). On appeal, the Heils argue that (1) the district court lacked subject-matter jurisdiction so the court should have dismissed Claim Nine without prejudice, thus permitting them to refile it in state court; (2) the district court did not address Iron County's failure to recognize and record the 20-acre lot split, resulting in the loss of their property; (3) discovery would have supported their claims concerning the 20-acre lot; and (4) the district court erred in consolidating the two cases.

<em>Iron County's Motion for Sanctions</em>

As a preliminary matter, we consider Iron County's motion for sanctions because it suggests that the automatic bankruptcy stay may apply to this appeal. *See* 11 U.S.C. § 362. Iron County seeks sanctions against the Heils for their failure to promptly inform it that their bankruptcy case had been reopened, which caused Iron County to waste resources in preparing an appellate brief. Iron County also argues that the automatic stay does not apply.

The bankruptcy stay does not apply to this appeal filed by the debtors. "The automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue or pursue litigation without leave of court (or release of stay under section 362)." *Morganroth &*

*Morganroth v. DeLorean*, 213 F.3d 1301, 1310 (10th Cir. 2000) (quotation and alteration omitted). Therefore, Iron County did not waste its resources in preparing an appellee's brief. The motion for sanctions is denied.

*Discussion*

The Heils have challenged the federal court's subject-matter jurisdiction. "[W]e have a duty to ascertain whether we have jurisdiction prior to reaching the merits of an appeal." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008). In their two original complaints and their amended complaint, the Heils alleged that they were residents of California, Iron County was a political subdivision of Utah, and the Bank was formed pursuant to Utah's banking laws and had its principal place of business in Utah. Aplee. App. at 19, 142-43, 224-25. They further alleged that the amount in controversy exceeded $75,000. These allegations were uncontroverted. Accordingly, the federal district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). This court has jurisdiction pursuant to 28 U.S.C. § 1291.

We do not address the merits of the Heils' remaining appellate arguments because they were not preserved for appeal. A federal appellate court will not consider an issue not passed upon in the district court. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). "Consequently, when a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the

-4-

issue, the litigant has not preserved the issue for appellate review." *F.D.I.C. v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999).

Claim Nine asserted only that an employee of Iron County intentionally or negligently misrepresented to a potential buyer the status of the Heils' 20-acre lot, resulting in economic loss. It did not encompass the Heils' appellate arguments concerning Iron County's alleged failure to recognize and record the lot split. Moreover, the Heils did not seek discovery on this point, nor did they object to consolidating the two cases. Accordingly, we do not address these claims.

This court's review is limited to the single issue of whether Claim Nine was correctly dismissed under the GIAU. We review de novo the district court's order dismissing Claim Nine as barred by the GIAU. *See Ordinance 59 Ass'n v. U.S. Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). "Our independent determination of the issues uses the same standard employed by the district court. Accepting the [amended] complaint's allegations as true, we consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted." *Id.* (citations omitted). Based on a review of the record, the parties' briefs, and the applicable law, we conclude that the district court's order dismissing Claim Nine pursuant to the GIAU was correct.

*Conclusion*

Iron County's motion for sanctions is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge